UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TONY BROUGHTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 13-75-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN HENSLEY, Individually and in his Official Capacity as Deputy Sheriff of Knox County, Kentucky, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Brian Hensley's motion to dismiss Plaintiff Tony Broughton's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 8] Hensley seeks dismiss of the Complaint on the grounds that Broughton has failed to state a claim against him. Having reviewed the Complaint and considered the parties' arguments, the Court concludes that a reply is not necessary.[1] For the reasons explained below, the Court will deny the motion to dismiss.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to

---

[1] Neither Hensley's motion nor Broughton's response contain any detailed analysis or argument. Therefore, while the Court will consider the limited issue raised in the motion to dismiss, it declines to construct any additional arguments on behalf of either party. *See United States v. Zannino*, 895 F.2d 1, 8 (1st Cir. 1990) ("It is not enough to merely mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

Broughton has asserted a claim against Hensley under 42 U.S.C. § 1983. As quoted in the Complaint, the statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983. To state a claim under this provision, "a plaintiff must allege the deprivation of a constitutional right caused by a person acting under color of state law." *Bell v. Ohio State Univ.*, 351 F.3d 240, 248 (6th Cir. 2003).

Because § 1983 does not create any substantive rights, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Hensley asserts that the Complaint "fails to state what federal right, either

constitutional or statutory, was violated by the Defendant."[2]  [Record No. 8, p. 3]  Broughton responds that he has sufficiently pleaded "the time and place and nature of the wrongful behavior of the Defendant under color of state law."  [Record No. 9, p. 3]

The Complaint alleges that Broughton was the passenger in a van on March 21, 2013 when that van was pulled over by Hensley.  [Record No. 2 ¶¶ 11-13]  He further alleges that after he exited the van to inspect the license plate, he turned to walk back to the passenger seat, at which time "Brian Hensley, wearing his Knox County Deputy Sheriff's uniform, . . . tackled Tony Broughton, and slammed Tony Broughton's face into a concrete barrier."  [*Id.* ¶ 17]  The Complaint then alleges that Broughton was transported to the hospital for medical treatment, after which Hensley, "still in his Knox County Deputy Sheriff uniform, took Tony Broughton to jail."  [*Id.* ¶ 23]  Broughton asserts that Hensley's actions were "malicious, willful, wanton, and with intent to harm," and seeks compensatory damages, punitive damages, attorney's fees, and costs under § 1983.  [*Id.* ¶ 18]

Construing the Complaint in the light most favorable to Broughton, these allegations are sufficient to state a claim for relief.  Even though the Complaint does not specify the constitutional provision violated by Hensley's actions, the factual allegations in the Complaint can be construed to assert a claim for unreasonable seizure as a result of excessive force under the Fourth Amendment to the United States Constitution.  When considering a Fourth

---

2   Hensley does not appear to contest the sufficiency of the Complaint's assertion that he acted under color of state law when he injured Broughton.  According to the Complaint, Hensley used his "blue light[s]" to pull Broughton over, handcuffed him, and took him to jail. [Record No. 1 ¶ 13]  Additionally, Broughton alleges Hensley wore his Deputy Sheriff's uniform during the arrest.  [*Id.* ¶¶ 17, 23]  This is sufficient to allege state action.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982).

Amendment excessive force claim, the "question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation."[3]  *Graham v. Connor*, 490 U.S. 386, 397 (1989). According to the Complaint, Hensley tackled Broughton while arresting him, injuring his face. Moreover, the Complaint sufficiently alleges that this use of force was unreasonable and excessive.  From this, the Court can infer that Hensley is liable for violations of the Fourth and Fourteenth Amendments.[4]

Because the detailed factual allegations contained in the Complaint are sufficient to afford fair notice of the claims against Hensley, the Court will not dismiss Broughton's claims on the technicality that he failed to specifically identify the constitutional right that was violated.  *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (cautioning courts not to read *Twombly* and *Iqbal* "so narrowly as to be the death of notice pleading").  The allegations are sufficient to "raise a right to relief [under § 1983] above the speculative level."  *Twombly*, 550 U.S. at 555. Broughton has, therefore, adequately stated a claim upon which relief may be granted.

---

3    The Complaint's allegations regarding the malicious nature of Hensley's actions appear to implicate the standard for an excessive force claim under the Eighth Amendment to the United States Constitution. *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (explaining that Eighth Amendment analysis turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" (internal quotation marks omitted)).  However, because Broughton was not a detainee or prisoner at the time of his injury, the claim should instead be analyzed under the Fourth Amendment "objective reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 394 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985)).  To the extent that the Complaint's allegations regarding maliciousness may have caused confusion about which constitutional provision Hensley is alleged to have violated, that confusion is not enough to require dismissal of Broughton's § 1983 claims.

4    Broughton also appears to assert a violation of the Fifth Amendment for a taking of his private property.  He alleges that his van was "towed away and it has not been returned to him, nor has he been compensated for it, nor for the loss of use of it."  [Record No. 1 ¶ 24]

Accordingly, it is hereby

**ORDERED** that Defendant Brian Hensley's Motion to Dismiss [Record No. 8] is **DENIED**.

This 10th day of June, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge